IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO KIMIO WILSON,<br><br>          Petitioner,<br><br>  vs.<br><br>ANTHONY HEDGEPETH, Warden,<br><br>          Respondent.<br>                                    / | No. C 11-0185 WHA (PR)<br><br>**ORDER OF DISMISSAL;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS; DENYING**<br>**MOTIONS FOR APPOINTMENT OF**<br>**COUNSEL AND TO STAY**<br><br>(Docket Nos. 2, 3, 5, 6) |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. 2254.

Petitioner states that he presently has a petition for a writ of habeas corpus now pending in the Contra Costa County Superior Court (Pet. 5). The Ninth Circuit has held unequivocally that the habeas exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. *Ibid.*

The petition is **DISMISSED** without prejudice to refiling it when no further proceedings are pending in the California state courts. *See ibid.* (if state court action is pending, claims are not exhausted). In light of this dismissal, the motions to stay and for appointment of counsel

(docket numbers 3 & 5) are **DENIED**. The applications to proceed in forma pauperis (docket numbers 2 & 6) are **GRANTED**.

**IT IS SO ORDERED.**

Dated: February __17__, 2011.

                                      WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\WILSON0185.DSM.wpd